IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DODGE VIN #1C6RR7KT5KS743006, *ET AL.*,

    Defendants.

Case No. 21-1239-HLT-ADM

## ORDER

This matter comes before the court on the United States' Motion to Partially Unseal the Case. (ECF 6.) The court previously allowed the United States to temporarily maintain this case under seal and to delay notice up to and including October 12, 2021. (ECF 4, at 1.) The court directed the United States to take the steps it previously suggested, including filing an amended complaint with a redacted affidavit and moving to unseal so that noticing may commence. (*Id.*) The United States has now filed an amended complaint accompanied by an affidavit that restricts portions of account numbers, and it moves to partially unseal this case. For the reasons explained below, the motion is denied without prejudice to refiling by October 15.

Federal courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). However, the court retains "authority to seal documents before it, based upon the court's inherent supervisory authority over its own files and records." *United States v. Pickard*, 733 F.3d 1297, 1300 (10th Cir. 2013). A court may order documents sealed if the moving party articulates "a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Williams v. FedEx Corp. Servs.*, 849 F.3d 889, 905 (10th Cir.

2017). The party moving to seal bears a "heavy burden" to come forward with specific facts justifying sealing. *Sacchi v. IHC Health Servs., Inc.*, 918 F.3d 1155, 1160 (10th Cir. 2019).

The United States moves to unseal its amended complaint (ECF 5) and all documents filed thereafter, including the motion before the court, but requests that all prior filings continue to be maintained under seal. The United States' statement regarding sealing is brief: "The United States had asked the case be sealed in order to allow time to file an amended complaint with a redacted affidavit to prevent the public disclosure of filed tax return information and bank account numbers." (ECF 6 ¶ 2.) Indeed, the United States' prior motion explains that the affidavit attached to the complaint contains bank account numbers and tax return information, which might justify continuing to maintain the original affidavit under seal. (*See* ECF 3 ¶ 2.) *See also* Fed. R. Civ. P. 5.2(a)(4) (recognizing that publicly filed documents must contain only the last four digits of financial-account numbers). But this explanation does not provide any basis for continuing to maintain any other document under seal. To the extent that other filings contain sensitive information—which is not apparent—the United States certainly has not carried its heavy burden to come forward with a specific explanation as to how this is the case.

Because of this, the court denies the United States' motion without prejudice. By October 15, the United States may file a renewed motion for leave to maintain specific documents under seal. The United States must meet the legal standard for sealing as to *each* document. The fact that some document filed in the case may contain sensitive information is not a sufficient basis to seal other filings. The court will continue to maintain this case under seal until seal pending a ruling on the United States' forthcoming motion.

**IT IS THEREFORE ORDERED** that the United States' Motion to Partially Unseal the Case (ECF 6) is denied without prejudice to refiling by October 15, 2021.

**IT IS SO ORDERED.**

Dated October 13, 2021, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge