IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

DODGE VIN #1C6RR7KT5KS743006, *ET AL.*,

    Defendants.

Case No. 21-1239-HLT-ADM

**ORDER**

    This matter comes before the court on the United States' Renewed Motion to Partially Unseal the Case. (ECF 8.) The court allowed the United States to temporarily maintain this case under seal and to delay notice up to and including October 12, 2021. (ECF 4, at 1.) The court directed the United States to take the steps it previously suggested, including filing an amended complaint with a redacted affidavit and moving to unseal so that noticing may commence. (*Id.*) The United States has now filed an amended complaint accompanied by an affidavit that restricts portions of account numbers, and it moves to partially unseal this case. For the reasons explained below, the motion is granted in part and denied in part.

    Federal courts "recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). However, the court retains "authority to seal documents before it, based upon the court's inherent supervisory authority over its own files and records." *United States v. Pickard*, 733 F.3d 1297, 1300 (10th Cir. 2013). A court may order documents sealed if the moving party articulates "a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process." *Williams v. FedEx Corp. Servs.*, 849 F.3d 889, 905 (10th Cir.

2017). The party moving to seal bears a "heavy burden" to come forward with specific facts justifying sealing. *Sacchi v. IHC Health Servs., Inc.*, 918 F.3d 1155, 1160 (10th Cir. 2019).

The United States moves to unseal this case and all docket entries except for the complaint and accompanying affidavit. (ECF 1 & 1-1.)_ The United States explains that the affidavit "contains filed tax return information and bank account numbers that show more than four digits, which is why the United States requests that it remain sealed." (ECF 8 ¶ 6.) Indeed, the Federal Rules of Civil Procedure require that public filings only contain the last four digits of financial account numbers and, if the United States had filed the affidavit publicly, the clerk's office would have likely sealed and restricted access to the document. *See* Fed. R. Civ. P. 5.2(a)(4) (recognizing that publicly filed documents must contain only the last four digits of financial-account numbers). Therefore, the court has no problem directing that the original affidavit (ECF 1-1) must continue to be maintained under seal. The court grants this aspect of the United States' motion.

But the United States' explanation provides no basis for continuing to maintain the complaint under seal. The court previously denied without prejudice a too-broad and unsupported motion to continue to maintain the bulk of this case under seal. (ECF 7.) The order explicitly states that "[t]he fact that some document filed in the case may contain sensitive information is not a sufficient basis to seal other filings." (*Id.* at 2.) This put the United States on notice that it "must meet the legal standard for sealing as to *each* document." The United States does not reference any sensitive information contained in the complaint—must less come close to satisfying the legal standard for continuing to maintain the complaint under seal. For this reason, the court denies the United States' motion as it pertains to continuing to maintain the complaint under seal.

**IT IS THEREFORE ORDERED** that United States' Renewed Motion to Partially Unseal the Case (ECF 8) is granted in part and denied in part. The original affidavit (ECF 1-1) will remain under seal. The clerk's office is directed to unseal this case and all other filings.

**IT IS SO ORDERED.**

Dated October 14, 2021, at Topeka, Kansas.

<u>s/ Angel D. Mitchell</u>
Angel D. Mitchell
U.S. Magistrate Judge