UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DEFENDANT NO. 1: $30,000 AS SUBSTITUTE RES FOR 2019 DODGE RAM 1500, et al.,<br><br>    Defendants.<br><br>TITAN FISH PARTNERS, LLC, JOSEPH W. CAMPBELL, and LAURA J. CAMPBELL, LAURA J. CAMPBELL REVOCABLE TRUST,<br><br>    Claimants. | Case No. 21-1239-HLT-ADM |

## SCHEDULING ORDER

On June 4, 2024, U.S. Magistrate Judge Angel D. Mitchell conducted a scheduling conference in accordance with Fed. R. Civ. P. 16, by phone. Plaintiff United States appeared through counsel Annette Gurney. This is an *in rem* civil forfeiture action against three defendants, in which claimants have intervened to claim an interest. Claimant Titan Fish Partners claims an interest in Defendant No. 1: $30,000 as substitute res for 2019 Dodge Ram 1500. Claimant Joseph W. Campbell claims an interest in Defendant No. 2: $26,000 as substitute res for 2017 Ford Explorer. And claimant Laura J. Campbell, Trustee of the Laura J. Campbell Revocable Trust, claims an interest in Defendant No. 3: 29564 Hunter Road, Gravois Mills, Missouri. Claimants appeared through counsel Lindsey Freihoff.

After consultation with the parties, the court enters this scheduling order, summarized in the following table:

| SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Jointly proposed protective order submitted to court | **June 24, 2024** |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | **June 24, 2024** |
| Motions to amend | **June 24, 2024** |
| Experts disclosed | **July 15, 2024** |
| Rebuttal experts disclosed | **August 15, 2024** |
| Supplementation of initial disclosures | **40 days before the deadline to complete all discovery** |
| All discovery completed | **September 30, 2024** |
| Proposed pretrial order due | **October 18, 2024** |
| Pretrial conference | **October 28, 2024, at 1:30 p.m.** |
| Potentially dispositive motions (e.g., summary judgment) | **November 22, 2024** |
| Motions challenging admissibility of expert testimony | **November 22, 2024** |

1. **Alternative Dispute Resolution (ADR).**

After discussing ADR during the scheduling conference, the court determined that settlement would not be enhanced by early mediation. Accordingly, the court will not at this time order the parties to exchange good-faith settlement proposals, to submit confidential settlement reports to the undersigned, or to participate in court-ordered mediation. The court will revisit this with the parties in connection with the pretrial conference.

2. **Discovery.**

a. The parties already served Fed. R. Civ. P. 26(a)(1) initial disclosures regarding witnesses, exhibits, and damages. To facilitate settlement negotiations and to avoid unnecessary expense, the parties have agreed that, without the need for formal requests for production, they will exchange copies of the documents described in their Rule 26(a)(1) disclosures by **June 28, 2024**. Supplementations of initial disclosures must be served at such times and under such circumstances as required by Fed. R. Civ. P. 26(e). In addition, such supplemental disclosures must be served 40 days before the deadline to complete discovery so as to identify all witnesses and exhibits that probably will be or even might be used at trial so that the opposing party can decide whether to pursue follow-up discovery before the time allowed for discovery expires. Witnesses or other information included in a party's final Fed. R. Civ. P. 26(a)(3) disclosures that did not previously appear in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto presumptively will be excluded from evidence under Fed. R. Civ. P. 37(c)(1).

b. All discovery must be commenced or served in time to be completed by **September 30, 2024**.

c. The parties agree that principles of comparative fault do not apply.

      **d.**    Expert disclosures required by Fed. R. Civ. P. 26(a)(2)(D) must be served by **July 15, 2024,** and for experts testifying solely to contradict or rebut evidence on the same subject matter identified by another party, disclosures must be served within 30 days after the other party's disclosure. The parties must serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 14 days after service of the disclosures. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all the information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel must confer or make a reasonable effort to confer consistent with D. Kan. Rule 37.2 before raising those objections in a pre-motion conference with the court pursuant to D. Kan. Rule 37.1(a).

      **e.**    The parties agree that physical or mental examinations pursuant Fed. R. Civ. P. 35 are not appropriate in this case.

      **f.**    Consistent with the parties' agreement, electronically stored information (ESI) in this case will be handled as follows: ESI discovery will be limited and the parties will produce any ESI discovery in hard-copy form.

      **g.**    Each side may take no more than 5 depositions, limited to 6 hours each except the deposition of claimant Joseph Campbell, which is limited to 8 hours. Depositions will be governed by the guidelines on the court's website:

      *https://ksd.uscourts.gov/file/843*

      **h.**    Discovery may be governed by a protective order. If the parties agree on the need for, scope, and form of such a protective order, they must confer and then submit a jointly proposed

protective order by **June 24, 2024**. This proposed protective order should be drafted in compliance with the guidelines available on the court's website:

*https://ksd.uscourts.gov/file/919*

At a minimum, such proposed orders must include a concise but sufficiently specific recitation of particular facts that provide the court with an adequate basis upon which to make the required good cause finding pursuant to Fed. R. Civ. P. 26(c). A pre-approved form protective order is available on the court's website:

*https://ksd.uscourts.gov/civil-forms*

If the parties disagree on the need for, scope, and/or form of a protective order, the party or parties seeking such an order must file an appropriate motion and supporting memorandum, with the proposed protective order attached, by **June 24, 2024**.

    **i.**    The parties do consent to electronic service of disclosures and discovery requests and responses. *See* Fed. R. Civ. P. 5(b).

    **j.**    The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1. Accordingly, the parties and counsel are reminded of their important obligations under Fed. R. Civ. P. 26(g) in certifying discovery disclosures, requests, responses, and objections and that the court "must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both" if the certification violates Rule 26(g) (e.g., overbroad discovery requests, boilerplate objections, etc.) without substantial justification.

**3.**    **Motions**

    **a.**    Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **June 24, 2024**.

  **b.**  All potentially dispositive motions (e.g., motions for summary judgment) must be filed by **November 22, 2024**.  The court plans to decide dispositive motions, to the extent they are timely filed and briefed without any extensions, approximately 60 days before trial.

  **c.**  Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested.  Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good faith dispute.  The parties must follow the summary-judgment guidelines available on the court's website:

<i>https://ksd.uscourts.gov/file/326</i>

  **d.**  All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed by **November 22, 2024**.

  **e.**  Before filing any disputed discovery-related motion, and after satisfying the duty to confer or to make a reasonable effort to confer under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the party intending to file a discovery-related motion must email the court to arrange a telephone conference with the judge and opposing counsel.  The email request, preferably in a joint submission, must include a brief, nonargumentative statement of the nature of the dispute; the estimated amount of time needed for the conference, and suggested dates and times; and any preference for conducting the conference in person or by phone.  The court will typically grant the request and contact the parties to arrange the conference within a few days.  The court will inform the parties whether any additional information should be submitted or filed in advance of this conference.  Unless otherwise requested by the court, no disputed discovery-related motion,

material, or argument should be filed or submitted prior this telephone conference.  *See* D. Kan. Rule 37.1(a).

**f.**      To avoid unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures.  However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for briefing or hearing a motion, or for trial.  *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(c).

**4.**      **Pretrial Conference, Trial, and Other Matters.**

**a.**      Pursuant to Fed. R. Civ. P. 16(a), a pretrial conference is scheduled for **October 28, 2024, at 1:30 p.m.** by telephone (888-363-4749; access code 3977627).  However, the court may require all parties to appear in person if the pretrial order is not in the appropriate format or other problems require counsel to appear in person.  No later than **October 18, 2024**, defense counsel must submit the parties' proposed pretrial order in Word format as an attachment to an e-mail sent to *ksd_mitchell_chambers@ksd.uscourts.gov*.  The proposed pretrial order must not be filed with the clerk's office.  It must be in the form available on the court's website:

*https://ksd.uscourts.gov/civil-forms*

**b.**      The parties expect the non-jury trial of this case to take approximately 3 trial days.  The court will subsequently set this case for trial.

**c.**      If at any time the parties wish to consent to trial by a U.S. Magistrate Judge, they must email the Clerk's Office their signed form, "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge" available on the court's website at:

*https://ksd.uscourts.gov/civil-forms*

**d.**      This scheduling order will not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated June 4, 2024 at Kansas City, Kansas.

s/Angel D. Mitchell<br>
Angel D. Mitchell<br>
U.S. Magistrate Judge

8