IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Defendant No. 1: $30,000 as substitute res for 2019 )<br>Dodge Ram 1500, VIN: 1C6RR7KT5KS743006;   )<br>Et al.,                                                                        )<br>_____ ) | Case No. 21-1239-HLT-ADM |

### JOINT MOTION FOR ENTRY OF AGREED PROTECTIVE ORDER

Plaintiff, UNITED STATES OF AMERICA ("Plaintiff"), by and through its attorney, and Claimants, Joseph W. Campbell, Titan Fish Partners, LLC and Laura J. Campbell, by and through their attorneys, (hereinafter collectively the "Parties"), and pursuant to Fed. R. Civ. P. 26(c) submit this Joint Motion for Entry of a Proposed Agreed Protective Order. In support of their Motion, the Parties state as follows:

1.  This is an in rem civil forfeiture action against the three defendants. Plaintiff's theories of forfeiture are that the defendants were purchased with proceeds obtained from wire fraud violations and are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and constitute property involved in violations of 18 U.S.C. § 1957 and, therefore, are forfeitable pursuant to 18 U.S.C. § 981(a)(1)(A). Claimants' theories of defense are that the Defendants were not purchased with proceeds obtained from wire fraud violations and are not subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and do not constitute property involved in violations of 18 U.S.C. § 1957 and, therefore, are not forfeitable pursuant to 18 U.S.C. § 981(a)(1)(A).

2. The Court may, "for good cause, issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense". Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 26(c)(1)(G).

3. The Parties may produce certain written materials in this matter that contain information that is prohibited from disclosure by statute or otherwise contains information that reveals personal identity or financial information.

4. The Parties agree that a Protective Order is necessary as it will allow the Parties to mark and produce such information as confidential. Accordingly, the Parties prepared an Agreed Protective Order, pursuant to the Court's proposed form, for consideration and entry by the Court. A copy of the Agreed Protective Order is attached hereto as Exhibit A.

5. The Protective Order submitted to Chambers will prevent the disclosure of confidential matters to entities other than those involved in the prosecution or defense of this litigation and will facilitate the exchange of information between the parties.

6. The Protective Order does not provide that items designated as confidential may, for that reason, be filed with the Court under seal absent compliance with the United States District Court for the District of Kansas Local Rule 5.4.2 for filing sealed documents.

7. The entry of the Protective Order is not being requested for any improper purpose.

8. Accordingly, the Parties respectfully request that this Honorable Court enter the attached Proposed Agreed Protective Order which will allow the Parties to designate certain materials as "CONFIDENTIAL" subject to the terms and conditions set forth within.

WHEREFORE, Plaintiff UNITED STATES OF AMERICA and Claimants, Joseph W. Campbell, Titan Fish Partners, LLC and Laura J. Campbell, respectfully request that this

Honorable Court enter the Proposed Agreed Protective Order and order any further relief this Court deems necessary and proper.

Dated: June 24, 2024                                                    Respectfully submitted,

Mark E. McFarland, KS #14138                          Annette Gurney, KS #11602
Lindsey Freihoff, KS #28560                              301 N. Main, Ste. 1200
Hinkle Law Firm, LLC                                         Wichita, Kansas 67202
8711 Penrose Lane, Suite 400                           Telephone:  (316) 269-6481
Lenexa, Kansas 66219                                       Facsimile:  (316) 269-6484
Telephone: (913) 345-9205                               E-mail:  Annette.gurney@usdoj.gov
Facsimile: (913) 345-4832                                 *Counsel for Plaintiff*
E-mail: mmcfarland@hinklaw.com
E-mail: lfreihoff@hinklaw.com
*Counsel for Claimants*

3

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

**Annette Gurney**
**301 N. Main, Ste. 1200**
**Wichita, Kanas 67202**
Annette.gurney@usdoj.gov

**ATTORNEY FOR PLAINTIFF**

/s/ Mark E. McFarland
Mark E. McFarland

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Defendant No. 1: $30,000 as substitute res for 2019 )<br>Dodge Ram 1500, VIN: 1C6RR7KT5KS743006; )<br>Et al., )<br>_____ ) | Case No. 21-1239-HLT-ADM |

## AGREED TO PROTECTIVE ORDER

The Plaintiff and the Claimants agree that it may be necessary during discovery to disclose certain confidential information relating to the subject matter of this action. They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The Parties jointly request entry of a protective order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

In support of the Plaintiff's and the Claimants' request, they assert that protection of the identified categories of confidential information is necessary because the Parties are engaged in discovery in this case, which may involve production of documents, inspection of tangible things, answering of interrogatories and requests to admit, and taking oral or written depositions. In the course of such discovery, certain trade secret, proprietary, or confidential documents, materials, or information may be produced by the Parties or by third persons or entities. These documents include:

- a. Confidential financial information and records – In the course of discovery, claimants may be required to produce data regarding confidential financial information and records. Claimants have an expectation of privacy in submitting his personal or business information to Plaintiff.

EXHIBIT A

    b. Other sensitive information that, if not restricted as set forth in this order, may subject Claimants to financial injury or potential liability to third parties;

For good cause shown under Fed. R. Civ. P. 26(c), the Court grants and enters the following Protective Order:

**1.**     **Scope.** All documents and materials produced in discovery, including initial disclosures, discovery responses, deposition testimony and exhibits, and information derived therefrom (hereinafter, collectively, "documents"), are subject to this Order concerning Confidential Information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

**2.**     **Definition of Confidential Information.** As used in this Order, "Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use are restricted by statute or could potentially cause harm to the interests of the disclosing party or nonparties. For purposes of this Order, the Parties will limit their designation of "Confidential Information" to the following categories of information or documents:

    a. Confidential financial information and records of Claimants; and,

    b. Other sensitive information that, if not restricted as set forth in this order, may subject Claimants to financial injury or potential liability to third parties;

**3.**     **Form and Timing of Designation.** The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" (hereinafter, "the marking") on the document and on all copies in a manner that will not interfere

2

EXHIBIT A

with the document's legibility. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information. The marking will be applied prior to or at the time the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. By marking a designated document as confidential, the designating attorney or party appearing *pro se* certifies that the document contains Confidential Information.

4. **Inadvertent Failure to Designate.** Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within 30 days after discovering the inadvertent failure.

5. **Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product.** Whether inadvertent or otherwise, the disclosure or production of any information or document that is subject to an objection based on attorney-client privilege or work-product protection, including but not limited to information or documents that may be considered Confidential Information, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work-product doctrine at a later date. Any party receiving any such information or document must return it upon request to the producing party. Upon receiving such a request as to specific information or documents, the receiving party

must return the information or documents to the producing party within 7 days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection. Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of this Order. Although the provisions of this section constitute an order pursuant to Federal Rules of Evidence 502(d) and (e), and will be construed in a manner consistent with the maximum protection provided by said rule, nothing in this Order limits a party's right to review of documents, including ESI, for relevance, responsiveness, or segregation of privileged or protected information before production.

6. **Depositions.** Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within thirty (30) days after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

7. **Protection of Confidential Material.**

(a) **General Protections.** Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals.

(b) **Who May View Designated Confidential Information.** Except with the designating party's prior written consent or prior court order, Confidential Information may only be disclosed to the following persons:

1. The Parties to this litigation;
2. Counsel for the Parties and members of their legal or support staff;
3. Individuals who may be deposed in this action;
4. Court reporters, recorders, and videographers engaged for depositions;

5.  The Court and Court personnel, including any appointed special master, jury members, and stenographic reporters engaged in any court or judicial proceedings as are necessarily incidental to the preparation or trial of this litigation;

6.  Any mediator appointed by the Court or jointly selected by the Parties;

7.  Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have completed the certification contained in Attachment A, Acknowledgement and Agreement to be Bound; and

8.  Any other persons as the Parties/Claimants to this litigation agree to in writing or as the Court determines.

9.  Federal investigators assigned to the investigation connected to this action.

**(c)   Control of Documents.**  The Plaintiff and the Claimants must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information.  Counsel for the Plaintiff and the Claimants must maintain a record of those persons who have reviewed or been given access to the documents, along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

**8.   Filing Confidential Information.**  A party that seeks to file any document containing Confidential Information must take appropriate action to ensure that the document receives proper protection from public disclosure, such as: (a) filing a redacted document with the consent of the party who designated the document as confidential; or (b) complying with the Court's under-seal filing procedure set forth in D. Kan. 5.4.2.  Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal.  Merely designating information as confidential pursuant to this Order is insufficient to satisfy the Court's requirements for filing under seal in light of the public's qualified right of access to court dockets.  The Parties understand that the requested documents may be filed under seal only with the Court's permission

after proper motion.  If the motion is granted and the requesting party is permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents.

      **9.**    **Challenging a Confidential Designation.**  Any party may challenge the designation of any material or document as Confidential Information.  Before filing any motion or objection to a confidential designation, though, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention.  If the parties do not agree on a challenge to a confidentiality designation, the Designating Party has the burden to file a motion that identifies the challenged material and sets forth in detail the basis for the challenge, but must first arrange for a telephone conference with the undersigned magistrate judge as required by D. Kan. Rule 37.1(a) before filing such a motion.  The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality.  Until the Court rules on the challenge, all parties must continue to treat the materials as Confidential Information.

      **10.**    **Using Confidential Documents or Information at Trial or Hearing.**  Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing.  A party that intends to present or anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the Court and the other parties without disclosing the Confidential Information.  The Court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

      **11.**    **Obligations on Conclusion of Litigation.**

    **(a)**    **Order Remains in Effect.**  Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

**(b)** **Returning Confidential Documents.** Upon request of the Designating Party within 30 days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential Information, including copies as defined above, must be returned to the party who previously produced the document unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the Parties agree to destruction of the document to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Nothing in this Order shall preclude counsel of record from retaining one copy of all Confidential Information for a period of two (2) years in order to comply with all applicable Procedural Rules and Ethical Requirements.

**(c)** **Retaining Work Product.** Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index that refers or relates to designated Confidential Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents. This work product will continue to be confidential under this Order. An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information.

**12.** **Modification.** This Order may be modified by the Court on its own motion or on motion of any party or any other person with standing concerning the subject matter. The Order must not, however, be modified until the Parties have been given notice and an opportunity to be heard on the proposed modification.

EXHIBIT A

**13.     Enforcement.**  Even after the final disposition of this case, a party or any other person with standing concerning the subject matter may file a motion to seek leave to reopen the case for the limited purpose of enforcing or modifying the provisions of this Order.

**14.     No Prior Judicial Determination.**  This Order is entered based on the Parties' representations and agreements for the purpose of facilitating discovery.  Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the Parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the Court may rule on a specific document or issue.

**15.     Persons Bound.**  This Order will take effect when entered and is binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Order by its terms.

**16.     Protections Extended to Third-Party's Confidential Information.** The parties agree to extend the provisions of this Protective Order to Confidential Information produced in this case by third parties, if timely requested by the third party.

**17.     Jurisdiction.** The Court's jurisdiction to enforce the provisions of this Agreed Protective Order will terminate on the final disposition of this case. But, a Party may file a motion to seek leave to reopen the case to enforce the provisions of this Agreed Protective Order.

**IT IS SO ORDERED.**

Dated:

_____
U.S. Magistrate Judge

EXHIBIT A

| | |
|---|---|
| **WE SO MOVE** <br> **and agree to abide by the** <br> **terms of this Order** | **WE SO MOVE** <br> **and agree to abide by the** <br> **terms of this Order** |
| */s/ Mark McFarland* <br> Signature <br><br> Mark E. McFarland, KS #14138 <br> Lindsey R. Freihoff, KS #28560 <br> Hinkle Law Firm, LLC <br> 8711 Penrose Lane, Suite 400 <br> Lenexa, Kansas 66219 <br> Telephone: (913)345-9205 <br> Facsimile: (913)345-4832 <br> E-mail: mmcfarland@hinklaw.com <br> E-mail: lfreihoff@hinklaw.com <br><br> *Counsel for Claimants* | */s/ Annette Gurney* <br> Signature <br><br> Annette Gurney, KS #11602 <br> 301 N. Main, Ste. 1200 <br> Wichita, Kansas 67202 <br> Telephone:  (316) 269-6481 <br> Facsimile:  (316) 269-6484 <br> E-mail:  Annette.gurney@usdoj.gov <br><br> *Counsel for Plaintiff* |
| Dated:  6/24/2024 | Dated:  6/24/2024 |

9

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21-1239-HLT-ADM |
| ) | |
| Defendant No. 1: $30,000 as substitute res for 2019 ) | |
| Dodge Ram 1500, VIN: 1C6RR7KT5KS743006; ) | |
| Et al., ) | |
| _____) | |

**ATTACHMENT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she/they has read the Protective Order attached hereto and dated _____ in the case captioned *United States of America. v. Defendant No. 1: $30,000 et al.*, and understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Kansas in matters relating to this Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern, except in accordance with the provisions of the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

EXHIBIT A

_____

Date: _____     _____
                                              Signature

EXHIBIT A